EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
Newark Area Office
1 Newark Center, 21st Floor
Newark, N.J. 07102-5233
Jeffrey Burstein, Trial Attorney
973-645-2267
Fax: 973-645-4524
jeffrey.burstein@eeoc.gov

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

-----------------------------------------------------------x
EQUAL EMPLOYMENT OPPORTUNITY　　　:
COMMISSION,　　　　　　　　　　　　　　:
　　　　　　　　　　　　　　　　　　　　　　　　　: Civil Action No.
　　　　　　　　　　　　Plaintiff,　　　　　　:
　　　　　　　　　　　　　　　　　　　　　　　　　:
　　　　v.　　　　　　　　　　　　　　　　　　: COMPLAINT
　　　　　　　　　　　　　　　　　　　　　　　　　: AND JURY TRIAL DEMAND
RED RIBBON LIQUOR CORP. t/a　　　　:
SHOPPERS VINEYARD　　　　　　　　　　:
　　　　　　　　　　　　Defendant.　　　　:
-----------------------------------------------------------x

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of race, and to provide appropriate relief to Bertram "Bobby" Irving, who was adversely affected by such practices. As alleged with greater particularity below, Red Ribbon Liquor Corp. t/a Shoppers Vineyard ("Shoppers Vineyard" or "Defendant"), located at 875 Bloomfield Avenue, Clifton, New Jersey, discriminatorily discharged Mr. Irving on the basis of his race, black.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Sections 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§2000e-5(f)(1) and (3), and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. §1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the District of New Jersey.

## PARTIES

3. Plaintiff, Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation, and enforcement of Title VII and is expressly authorized to bring this action by Sections 706 (f)(1) and (3) of Title VII, 42 U.S.C. §§2000e -5 (f)(1) and (3).

4. At all relevant times, Defendant has been a New Jersey corporation doing business in the State of New Jersey and the City of Clifton, and has continuously had at least 15 employees.

5. At all relevant times, Defendant has continuously engaged in an industry affecting commerce within the meaning of Sections 701 (b), (g), and (h) of Title VII, 42 U.S.C. §§ 2000e (b), (g), and (h).

6. At all relevant times, Defendant employed Bertram "Bobby" Irving.

## STATEMENT OF CLAIMS

7. More than thirty days prior to the institution of this lawsuit, Mr. Irving filed a charge with the Commission alleging violations of Title VII based on conduct by Defendant. All conditions precedent to the institution of this lawsuit have been fulfilled.

8. Mr. Irving had been continuously employed by Defendant from 1997 until the time that Defendant terminated his employment in March 2006. For most of his employment with Defendant, including his final eight years, Mr. Irving held managerial positions at Defendant's Clifton, New Jersey store.

9. At the time that Defendant terminated Mr. Irving's employment in March 2006, Defendant employed seven "front line" managers, one of whom was Mr. Irving, who was the only black front line manager.

10. In or around February and March 2006, Defendant engaged in unlawful employment practices at its Clifton, New Jersey store in violation of Sections 701(j) and 703(a) of Title VII, 42 U.S.C. §§ 2000e and 2000e-2, including but not limited to the following:

    a. In or around February 2006, Defendant informed Mr. Irving that his position was being eliminated, purportedly for economic reasons. Mr. Irving was the only black front line manager, and was the only front line manager to be discharged by Defendant;

    b. Mr. Irving was discharged despite his excellent performance of the various positions he held with Defendant, including more than eight years in managerial positions;

    c. Mr. Irving was discharged even though he had significantly more tenure with Defendant than certain white managers who were not discharged;

    d. Despite Defendant having informed Mr. Irving that he was being let go for economic reasons, since March 2006, when Mr. Irving's employment was terminated, Defendant has hired 16 new employees, including at least four new white managers, with no black managers hired since Mr. Irving's termination;

    e. Defendant's asserted reasons for discharging Mr. Irving are pretextual;

    f. Defendant discharged Mr. Irving because of his race, black.

11. The effect of the practices complained of in paragraph 10 above has been to deprive Mr. Irving of equal employment opportunities and otherwise adversely affect Mr. Irving's status as an employee because of his race, black, and has caused him injury and damages.

12. The unlawful employment practices complained of in paragraph 10 above were intentional.

13. The unlawful employment practices complained of in paragraph 10 above were done with malice or with reckless indifference to the federally protected rights of Mr. Irving.

## PRAYER FOR RELIEF

Therefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, and all persons in active concert or participation with them, from engaging in discriminatory employment actions, including racially discriminatory discharges of employees, and from engaging in any other employment practice which discriminates on the basis of race.

B. Order Defendant, its officers, successors, assigns, and all persons in active concert or participation with them, to institute and carry out policies, practices, and programs which provide equal opportunities for black employees and which eradicate the effects of its unlawful employment practices.

C. Order Defendant, its officers, successors, assigns, and all persons in active concert or participation with them, to make whole Mr. Irving by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial;

D. Order Defendant, its officers, successors, assigns, and all persons in active concert or participation with them, to make whole Mr. Irving, by providing the affirmative relief

necessary to eradicate the effects of its unlawful practices, including but not limited to reinstatement of Mr. Irving, with permanent employment status and with restoration of all rights and privileges of employment lost as a result of the discrimination, including but not limited to restoration of seniority, and compensation, privileges and benefits he would be receiving had Defendant not discharged him, and/or by providing other affirmative relief necessary to eradicate the effects of Defendant's unlawful employment practices, including but not limited to front pay to Mr. Irving, in an amount to be determined at trial;

  E. Order Defendant, its officers, successors, assigns, and all persons in active concert or participation with them, to make whole Mr. Irving, by providing compensation for any past and/or future pecuniary losses he may have incurred resulting from the unlawful employment practices described above, in amounts to be determined at trial.

  F. Order Defendant, its officers, successors, assigns, and all persons in active concert or participation with them, to make whole Mr. Irving by providing compensation for non-pecuniary losses resulting from the unlawful employment practices described above, including but not limited to emotional pain, suffering, inconvenience, loss of enjoyment of life, and humiliation, in amounts to be determined at trial.

  G. Order Defendant, its officers, successors, assigns, and all persons in active concert or participation with them, to pay Mr. Irving punitive damages for their malicious and reckless conduct described above, in amounts to be determined at trial.

  H. Grant such further relief as the Court deems necessary and proper in the public interest.

  I. Award the Commission its costs in this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

Dated: March 11, 2008      Respectfully submitted,
       Newark, New Jersey      Ronald S. Cooper
                                                     General Counsel

                                                     James L. Lee
                                                     Deputy General Counsel

                                                     Gwendolyn Y. Reams
                                                   Associate General Counsel

                                                   EQUAL EMPLOYMENT OPPORTUNITY
                                                   COMMISSION
                                                   1801 L Street, N.W.
                                                   Washington, D.C.  20507


                                                    s/ Elizabeth Grossman
                                                   Elizabeth Grossman
                                                   Regional Attorney
                                                   212-336-3696
                                                   elizabeth.grossman@eeoc.gov

                                                    s/ Judy Keenan
                                                   Judy Keenan
                                                   Supervisory Trial Attorney
                                                   EQUAL EMPLOYMENT OPPORTUNITY
                                                   COMMISSION
                                                   New York District Office
                                                   33 Whitehall St., 5th Floor
                                                   New York, NY 10004-2112
                                                   Telephone No.: 212-336-3705
                                                   Facsimile No.: 212-336-3623
                                                   judy.keenan@eeoc.gov


                                                   /s/ Jeffrey Burstein
                                                   Jeffrey Burstein
                                                   Trial Attorney
                                                   EQUAL EMPLOYMENT OPPORTUNITY

COMMISSION
1 Newark Center, 21st Floor
Newark, NJ 07102-5233
Telephone No.: 973-645-2267
Facsimile No.: 973-645-4524
Email: jeffrey.burstein@eeoc.gov

_/s/ Kurt J. Jung_
Kurt J. Jung
Trial Attorney
EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
Newark Area Office
1 Newark Center, 21st Floor
Newark, NJ 07102-5233
Telephone No.: (973) 645-6430
Facsimile No.: (973) 645-4524
email: kurt.jung@eeoc.gov